Dear Captain Raiford:
This office is in receipt of your request for an opinion of the Attorney General in regard to the responsibility for transportation of individuals under an order of a coroner's commitment. You ask the following questions:
 1. What police authority is "legally" responsible for the initial transportation of Coroner Commitments or Evaluation, if the patient lives within the city limits of Hammond or Ponchatoula, Louisiana, when those police departments share equal arrest power with the Sheriff? This question can be summed-up as, "who can serve a coroner's warrant?"
 2. If a Coroner's Commitment is made from an in-parish facility, to an out-parish facility, is the police department who made the initial transport to the in-parish facility responsible for the patient's secondary (out-of-parish) facility transportation?
 3. Who is responsible for transportation of a patient to an evaluation center who entered the emergency room of a medical hospital, either by ambulance or private vehicle and the emergency room physician issues a P.E.C., (Physician Emergency Certificate).
 4. Who is responsible for transportation of a person entering Rosenblum Mental Health Center, and is evaluated by a doctor, and is in need of confinement to a hospital.
 5. In cases of patient transportation for the coroner, (by whatever police agency) is the expense for transportation recoverable from the coroner's office, and if not, from whom.
In regard to your first question as to which police authority is responsible for transportation of a patient who lives within the city limits, we find a similar question was presented in Atty. Gen. Op. No. 81-660. Therein it was asked if the Police Department of the municipality should carry out the order of protective custody from the coroner, and the Attorney General concluded a with a protective order issued pursuant to R.S. 28:53.2 the Orleans Parish Sheriff was the proper party to execute a protective order issued by the coroner. This conclusion was based upon the provisions of C.C.P. Art. 321 that provide the sheriff, as the executive officer of the district, shall serve citations and other processes.
Atty. Gen. Op. No. 94-511 reaffirmed Atty. Gen. Op. No. 81-660, with the conclusion that "the sheriff (or his authorized constable or marshal) must transport the person to be taken into protective custody if presented with the order of the coroner, issued in compliance with LSA-R.S. 28:53.2".
We find nothing that would change these conclusions.
In answer to your second and third inquiry for a transfer from a facility in the parish to one out of the parish, or from an emergency room of a hospital to an evaluation center under an emergency certificate, we again find that the sheriff for the parish where the patient is being held must transport that individual to the other parish or the evaluation center. Atty. Gen. Op. No. 83-346 found that the sheriff's department must committed by a parish mental health unit, noting therein that various parish mental health unit, noting therein that various parish mental health units are often the treatment facilities where persons committed under emergency certificates are transported.
Also, in Atty. Gen. Op. No. 80-1083 in response to the sheriff's concern about his authority to transport a person to a mental facility outside of the parish pursuant to a physician's emergency commitment certificate, this office found there was legal authority for the transportation quoting R.S. 28:53(F).
With regard to your inquiry about transportation of a person entering Rosenblum Mental Health Center, a part of the Department of Health and Hospitals, to a hospital, we assume this is in regard to a person under a commitment who is determined to be also in need of medical care. To answer the question we would follow the logic expressed by the Attorney General in Atty. Gen. Op. No. 81-660 wherein it was recognized that with a person who may be a danger to himself or others, trained personnel such as the sheriff would be the proper party to pick up and transport them to the proper facility in order to provide law and order on the streets.
Your final question is relative to payment of the expense for transportation. You ask if it is recoverable from the coroner's office, and, if not, from whom.
This office has made it clear in numerous opinions that while the sheriff's department must transport mentally ill patients, they are not required to pay for the service and should be reimbursed. In Atty. Gen. Op. No. 83-346 it was observed the sheriff would be reimbursed by the police jury, but further stated that the amount of remuneration depends upon on the nature of the fees and where a patient resides. It was additionally related that the question of a parish resides. It was additionally related that the question of a parish governing body being encumbered for transporting patients to another state agency is covered by R.S. 28:145 which places the cost of these transfers on the party requesting the transfer. It was stated, "If a state agency requests the transfer, then they must pay for the transfer by reimbursing the Sheriff's Department for its expenses."
The provisions relative to responsibility for costs are set forth in the statutes as follows:
 R.S. 28:142 — "Cost of Transportation" — If financially able, the patient or his legally responsible relations shall pay all costs incident to transporting the patient to the mental hospital; otherwise the department, the case of a nonresident, or the parish in which the hearing was held, in the case of a resident, shall pay these costs. If a patient's domicile is in a parish other than that in which the hearing was held, the former parish shall reimburse the latter for these costs.
 Fee for transporting patients shall be in accordance with the special laws establishing fee for transporting prisoners.
 R.S. 28:145 — "Cost of Transfer" — The person requesting the transfer shall pay the costs of transferring a patient between institutions. The department shall pay the costs of transfers made at its request.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR